UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA


| | |
|---|---|
| ELITE PHYSICIANS SERVICES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:06-CV-86 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| CITICORP CREDIT SERVICES, INC. (USA), ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Before the Court is a motion to dismiss or transfer (Court File No. 5) filed by defendant Citicorp Credit Services, Inc. (USA) ("CCSI" or "Defendant"), and a motion requesting the Court to stay its decision (Court File No. 9) on Defendant's motion, filed by plaintiff Elite Physicians Services, LLC ("Plaintiff"). The Court heard oral arguments on these motions on February 27, 2007. For the following reasons, the Court will **GRANT** Defendant's motion to transfer venue and **DENY** Plaintiff's motion to stay.

## I.   RELEVANT FACTS AND PROCEDURAL HISTORY

### A.   The Parties

Plaintiff is a limited liability company with its principal place of business in Chattanooga (Court File No. 1, ¶ 1). It is now defunct (Court File No. 10, p. 3). Plaintiff's prior business was to provide patient financing for healthcare procedures not covered by insurance, such as cosmetic surgery (*id.* ¶ 5). Plaintiff alleges its annual sales were $20 million by 2003 (*id.*). Defendant is a Delaware corporation with its principal place of business in Jacksonville, Florida (Court File No.

13, Ex. C). It is a subsidiary of Citibank (South Dakota) N.A. (*id*.).

Elite Physician Services, LLC was also plaintiff in an action previously before this Court, *Elite Physician Services, LLC v. Citicorp Payment Services, Inc.*, Case No. 1:05-CV-344.

### B. Procedural History of the Prior Action

On November 10, 2005, Plaintiff sued Citicorp Payment Services, Inc. ("CPSI") in the circuit court for Hamilton County (the "CPSI Complaint") (Court File No. 6, Ex. A). CPSI is a Delaware corporation with its principal place of business on Long Island, New York (Court File No. 13, Ex. C). It is also a subsidiary of Citibank (South Dakota) N.A. and an affiliate of Defendant (*id*.). In December 2005, CPSI removed the complaint to this Court. On March 17, 2006, the Court ordered the CPSI Complaint to be transferred to the United States District Court for the Southern District of New York (the "SDNY") (Court File No. 10, Ex. 6).

The Court's decision is based on the Master Services Agreement ("Agreement") between Plaintiff and CPSI dated as of April 9, 2003. The Agreement includes a forum selection clause at § 10.09; this clause defines New York law as the choice-of-law and New York state or federal courts sitting in the Borough of Manhattan as the exclusive forum for "[a]ll actions and proceedings arising out of or relating to this Agreement" (Court File No. 10, Ex. 7, p. 2). In the earlier action, Plaintiff failed to demonstrate the forum selection clause was inequitable or unenforceable, and so transfer was required by the forum selection clause's terms (*id*. at 15). The Court held "[t]he underlying dispute . . . relate[d] to the Agreement[;] under the plain language of Section 10.09, the dispute falls within the scope of the forum selection clause." (*Id*. at 9.) The CPSI Complaint is pending in the SDNY. Plaintiff has filed a motion to dismiss such action without prejudice (Court File No. 10, Ex. 11).

### C. Procedural History of the Instant Action

On April 7, 2006, twenty-one days after the transfer order, Plaintiff filed this action (the "CCSI Complaint") (Court File No. 1). On July 6, 2006, the parties filed a joint motion to change venue, requesting transfer of the action to the SDNY (Court File No. 3). On July 12, 2006, Judge Mattice denied the proposed Joint Order (Court File No. 4), because a transfer determination requires consideration by the court as to whether an appropriate alternate forum exists and whether the parties and witnesses will benefit from a transfer (*id*.). Judge Mattice found that a stipulation to the change of venue was insufficient for the Court to complete the required analysis (*id*.), but Judge Mattice invited the parties to analyze the substantive requirements and resubmit a transfer motion (*id*.).

In response, on September 22, 2006, Defendant filed its motion to dismiss or transfer (Court File No. 5). On October 27, 2006, rather than support such motion, Plaintiff filed its motion asking the Court stay Defendant's motion (Court File No. 9). Plaintiff claims, when it attempted to address the "substantive requirements of § 1404(a)" per Judge Mattice's order, Plaintiff realized "the instant action's lack of connection with New York and the fact that the convenience of the parties and witnesses and the interests of justice could not warrant transfer under § 1404(a) renders such re-submittal unfeasible" [*sic*] (*id*. at 5).

On November 10, 2006 Defendant filed a reply (Court File No. 13). On November 21, 2006 the case was reassigned to this Court (Court File No. 16). On December 18, 2006, this Court granted Plaintiff's request for oral arguments which were heard on February 27, 2007.

## II. DISCUSSION

Defendant's motion to dismiss or transfer is based on three grounds: (1) Fed. R. Civ. P. 12(b)(6), (2) the first-to-file rule, and/or (3) the prohibition against claim splitting (Court File No. 6, p. 1). Defendant prefers dismissal of the CCSI Complaint; in the event the Court chooses not to dismiss, Defendant moves to transfer this case to the SDNY for consolidation and disposition along with the CPSI Complaint (*id.*).

### A. Standard of Review for a 12(b)(6) Motion

Fed. R. Civ. P. 12(b)(6) states that a complaint may be dismissed if it fails to state a claim for which relief may be granted. In evaluating the complaint, the Court must construe it in the light most favorable to Plaintiff. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). A complaint will not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt Plaintiff can prove no set of facts which would entitle Plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court does not weigh the evidence; its purpose is to examine the complaint to determine if Plaintiff has pleaded cognizable claims. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The Court accepts as true all factual allegations and reasonable factual inferences made by Plaintiff which address the essential and material elements to sustain a claim for relief. *Trzrbuckowski,* 391 F.3d at 855; *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir.1998).

Defendant does not spend any time in its motion or supporting memorandum discussing Rule 12(b)(6) or how Plaintiff has failed to state a claim. The thrust of Defendant's argument appears to be, whatever the merits, the first-to-file rule precludes this Court from dealing with the CCSI Complaint (Court File No. 6, p. 5-19).

### B. The First to File Rule

4

> The first-to-file rule is a well-established doctrine encouraging comity among federal courts of equal rank. It provides, when actions involving nearly identical parties and issues have been filed in two different district courts, "the court in which the first suit was filed should generally proceed to judgment."

*Warner v. Fuller Rehab. & Consulting Serv., Inc.*, 2005 WL 1490071 *5 (E.D. Tenn. June 23, 2005) (citing *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.*, 16 F. App'x. 433, 437 (6th Cir. 2001); *Plantronics, Inc. v. Clarity, LLC*, 2002 WL 32059746, *1-3 (E.D. Tenn. July 17, 2002) (transferring second-filed case under first-to-file rule)).

To apply this rule, a court reviews: (1) the chronology of the actions, (2) the similarity of the parties, and (3) the similarity of the issues. *Plantronics*, 2002 WL 32059746 at *2. The parties and issues need not be identical but may be substantially similar. The Court must analyze "whether the parties and issues substantially overlap." *Fuller v. Abercrombie & Fitch, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997).

        1.        The Prties and Issues in this Action Substantially Overlap with the First-filed Action.

Plaintiff concedes (1) the CCSI Complaint is filed second to the CPSI Complaint, (2) the plaintiff in both actions is the same, and (3) the issues in both actions are substantially similar (Court File No. 10, p. 11).[1] What Plaintiff contests is if the defendants in both actions are substantially similar. Plaintiff asserts there is in fact "no overlap" between the defendants but does not support this claim with any facts or law (*id.*). Defendant CCSI, on the contrary, submitted exhibits demonstrating its common ownership by the same parent corporation as CPSI (Court File Nos. 13-4-13-6). This evidence also shows CPSI is far from a "shell" corporation, as Plaintiff alleged (*id.*;

---

[1] Issues are "substantially similar" if "the overall content of each suit is not very capable of independent development." *Gen. Prods. Mach. Shop, Inc. v. Systematic Inc.*, 2006 WL 2051737 *2 (D. Idaho July 20, 2006); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).

5

Court File No. 10, p. 7).

Courts generally hold that privity or affiliation between/among defendants is sufficient to find "substantial overlap." *Hayes Lemmerz Int'l, Inc. v. Epilogics Group*, 2006 WL 2571987, *2 (E.D. Mich. Sept. 5, 2006) (quoting *Urbain v. Knapp Bros. Mfg. Co.*, 217 F.2d 810, 815 (6th Cir. 1954)); *Supervalu Inc. v. Exec. Dev. Sys.*, 2007 WL 129039, *1 (D. Idaho Jan. 12, 2007) (because defendant was "heavily involved" in development of disputed programs and negotiation of disputed contract, there was similarity and substantial overlap between affiliated corporations sufficient for applying the first-to-file rule).

Defendant's memorandum cites *Versus Technology, Inc. v. Hillenbrand Industries, Inc.*, 2004 WL 3457629 (W.D. Mich. Nov. 23, 2004), in which the second-filed court transferred a pending action to the United States District Court for the Middle District of North Carolina for consolidation with a first-filed complaint. *Id*. at *8. In the first-filed proceeding, a wholly owned subsidiary of Hillenbrand sued Versus and several of its distributors; in the latter proceeding, Versus included such subsidiary as a defendant, along with another wholly owned subsidiary and the parent. *Id*. The court in Michigan, the second-filed court, found sufficient similarity among the parties to apply the first-to-file rule though the only actual overlap (in a suit involving five defendants) was plaintiff Versus (defendant in the first-filed case) and one defendant-subsidiary. *Id*. The court reasoned there was "a substantial likelihood of overlap between the cases" and the best course of action was to transfer the case for the first-filed court to handle. *Id*.

After reviewing parties' submissions and with special attention to the submissions showing CPSI and Defendant are controlled by the same parent entity, the Court finds the defendants CPSI and CCSI are substantially similar in the transferred action and the instant case. As in *Versus*, there

6

is "a substantial likelihood of overlap" between the cases, as the parties and issues share an identity.

>    2. The First-to-File Rule is Discretionary; There are Several Options for Disposing of the Case.

After a court decides to apply the first-to-file rule, disposition of the second-filed action is within the court's discretion. *Smith v. Sec. Exch. Comm'n*, 129 F.3d 356, 361 (6th Cir. 1997). It is well-settled that the first-filed court should determine all the dispositive issues in the case, including whether to retain or relinquish jurisdiction. *See Zide Sport Shop*, 16 F. App'x at 437 ("when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment'"); *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (well-established rule is "the first court in which jurisdiction attaches has priority to consider the case"). The second-filed court should only decide whether to transfer the duplicative suit, issue a stay, or dismiss the complaint.

> When a federal court is presented with such a duplicative suit, it may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit. . . . In weighing these three options, courts often proceed . . . under the rule of thumb that the entire action should be decided by the court in which an action was first filed.

*Smith*, 129 F.3d at 361; *Carter v. Bank One*, 179 F. App'x 338, 340 (6th Cir. 2006); *Save Power*, 121 F.3d at 952; *Fuller*, 370 F. Supp. 2d at 689 (collecting cases). In choosing one of these three options, the second-filed court often engages in an equitable balancing. *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 560 (S.D.N.Y. 2000) ("[w]eighing that balance in the context of a first-filed rule analysis requires consideration of the same factors that apply to the decision of whether transfer is appropriate under . . . § 1404(a)") (citing *800-Flowers, Inc. v. Intercont'l Florist, Inc.*, 860 F. Supp. 128, 133 (S.D.N.Y. 1994)).

Few courts choose to flatly dismiss a second-filed suit, and in many of these cases the reason

7

for dismissal is a court's inability to transfer. *E.g.*, *Bassett Seamless Guttering, Inc. v. Gutterguard*, 2006 WL 156874, *19-20 (M.D.N.C. Jan. 20, 2006) (dismissed complaint without prejudice because forum selection clause provided for state-court venue and transfer to another federal district was not possible). Another example is cited by Defendant. In *Burrows v. Fed. Ins. Co.*, 2005 WL 1705751 (E.D. Ky. July 21, 2005), the court dismissed a second-filed complaint. The court explained its decision by specifically noting the parties had been litigating a similar issue for several years in another district court and the plaintiff failed to respond to the defendant's summary judgment motion (and thus failed to argue how or why the equities favored denying such motion). *Id*. at *3.

Second-filed courts generally grant a stay (retaining jurisdiction pending the first-filed court's action) for one of two reasons: (1) if dismissal or transfer would jeopardize the rights of one of the parties or (2) to give the first-filed court time to consider if the first-to-file rule applies. Second-filed courts generally choose to transfer an action when dealing with substantive matters.[2] *Fuller,* 370 F. Supp. 2d at 691 ("the appropriate course is to transfer . . . pursuant to the Court's inherent authority under the first-to-file rule) (collecting cases); *Allen v. Rohm & Haas Co. Retirement Plan*, 2006 WL 1980174, *1 (W.D. Ky. 2006) (court "correctly refused to act as a 'super appellate court,'" properly limited inquiry to overlap between the first- and second-filed cases then properly decided to transfer); *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) ("once the district court found that the issues might substantially overlap, the proper course

---

[2] There is a clear distinction (and dismissal is sometimes more appropriate) when the first-filed action is for declaratory relief and is brought by the defendant in the second-filed case. "Courts, however, have adhered less rigidly to the first-to-file rule when one of the duplicative suits is for declaratory judgment . . . courts have been especially willing to reject the first-to-file rule . . . 'if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction.'" *Pakideh v. Ahadi*, 2000 WL 545896, *7 (E.D. Mich. Apr. 7, 2000) (citations omitted).

of action was for the court to transfer the case to the Laredo court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed").

The facts here are somewhat unusual. Plaintiff first-filed its complaint in this Court (at least after removal) but the Court relinquished jurisdiction and transferred the case to the SDNY. Plaintiff then filed its second action, again in this Court – the court in which jurisdiction first attached. In a typical first-to-file fact pattern, a duplicative action is brought in a very different venue. However, (1) in keeping with the Court's original decision to transfer the case, (2) in accordance with the many courts which have chosen to transfer rather than dismiss such an action, *e.g.*, *Cadle Co.*, 174 F.3d at 606, and (3) in the interests of convenience, justice, and judicial efficiency, this Court will exercise its inherent authority under the first-to-file rule and **ORDER** this action be transferred to the United States District Court for the Southern District of New York.

### C. The Prohibition on Claim Splitting

A plaintiff must join all claims arising from a "transaction" (the same or a related set of facts) in a single proceeding, and cannot split such claims into multiple actions or file them in multiple fora. *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004); *see also* Restatement (Second) of Judgments § 24 (a "valid and final judgment" extinguishes a plaintiff's right to proceed against a defendant with respect to the transaction from which the claim arose). Defendant argues that claim splitting is prohibited when claims are later brought against the parties to a prior action or parties with an "identity of interest" (Court File No. 6, p. 20) (citing *Hutcherson v. Lauderdale County*, 326 F.3d 747, 758-59 (6th Cir. 2003)), and this prohibition mandates dismissal of the CCSI Complaint. For its part Plaintiff argues the Court's decision to transfer the CPSI Complaint was not a "final judgment" to which the Court must now defer (Court File No. 24) ("[a]ny application of this

9

doctrine now would be premature because no judgment has been obtained in a relevant action").

*Hutcherson v. Lauderdale County*, 326 F.3d 747 (6th Cir. 2003) applies where there is (1) a judgment on the merits, (2) identity in the allegations, and (3) identity (or at least privity) between the parties. *Id*. at 758. Here, as Plaintiff points out, there was no "final judgment" from this or any other court, and therefore the general rule prohibiting claim-splitting does not preclude Plaintiff's second filing or this Court's decision to transfer the CCSI Complaint to the SDNY.

### III. CONCLUSION

For the reasons listed above, the Court will **GRANT** Defendant's motion to transfer venue (Court File No. 5). The Court will **ORDER** venue in this matter be transferred to the United States District Court for the Southern District of New York, and will recommend consolidation with the original action which is currently pending.

An Order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**